**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CYNTHIA WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  24-113 (UNA) |
| | ) | |
| (VIVINT) DAVID BYWATER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on review of *pro se* plaintiff's application to proceed *in forma pauperis* and civil complaint.  The Court GRANTS the application and, for the reasons stated below, DISMISSES the complaint and this civil action without prejudice.

The Court has reviewed plaintiff's complaint, keeping in mind that complaints filed by *pro se* litigants are held to less stringent standards than are applied to formal pleadings drafted by lawyers.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Even *pro se* litigants must comply with the Federal Rules of Civil Procedure.  *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks.  Fed. R. Civ. P. 8(a).  The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense and to determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff purports to bring two claims: breach of contract and violation of the Privacy Act. The breach of contract presumably occurred when she "received a phone call telling [her that her] system was being taken out," yet she did not receive a phone call from Vivint.  Compl. at 1. According to plaintiff, David Bywater is the person who removed the system, and he allegedly also accepted "Bribes in exchange for excess [sic] to [plaintiff's] residence."  *Id*.  The Privacy Act violation presumably occurred when unidentified persons gained access to plaintiff's residence, and when "in the middle of the night [she] was spoken to" through a speaker.  *Id*.  She demands an award of $2 billion for the "mental stress" she has experienced.  *Id*.

So few cogent facts are alleged that the named defendant would not have adequate notice of the legal claims against him.  For example, plaintiff alleges breach of a contract and fails to describe the contract's terms.  And if plaintiff intends to bring a claim under the Privacy Act, *see* 5 U.S.C. § 552a, the claim would fail because the Act applies only to an agency of the Executive Branch of the federal government, *see* 5 U.S.C. §§ 551, 552a(a)(1).

As drafted, the complaint fails to meet the minimal pleading standard set forth in Rule 8, and it will be dismissed.  An Order is issued separately.

DATE: February 26, 2024                        RUDOLPH CONTRERAS
                                               United States District Judge

2